IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| WOODROW J JONES SR,<br><br>        Plaintiff,<br>vs.<br><br>GRAPELAND INDEPENDENT SCHOOL DISTRICT, DON JACKSON, INDIVIDUALLY AND IN HIS/HER OFFICIAL CAPACITY; KRISTI BELL, INDIVIDUALLY AND IN HIS/HER OFFICIAL CAPACITY; BRAD SPISAK, INDIVIDUALLY AND IN HIS/HER OFFICIAL CAPACITY; DAVID MAASS, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, SUSANA NAHAS, INVESTIGATOR; DEIDRA HENRY, INVESTIGATOR; ELIZABETH PORRAS, TRAVIS M NICHOLSON, JAMES MARTIN, JOSH GOOLSBY, TIM HOWARD, CHANCE HUFF, ALLEN CHEATHAM, RYAN RICHIE, MELISSA COBB, KENDRA HUFF, LIGITA D. LANDRY,<br><br>        Defendants. | NO.9:23-CV-00059-MJT |

## REPORT AND RECMMENDATION DENYING MOTIONS FOR DEFAULT JUDGMENT

This case is assigned to the Honorable Michael J. Truncale, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. The Plaintiff, Woodrow J. Jones Sr. ("Jones"), proceeding *pro se*, has filed *Motions for Default Judgment* against Defendants Erin Norris,[1] Travis Nicholson, Deidra Henry and Susana Nahas.

---

[1] The undersigned does not find an "Erin Norris" in Jones' Original Complaint. Perhaps Jones is referring to Elizabeth Porras. See Doc. No. 1, at 17.

Doc. Nos. 33, 51-54.  According to the complaint, these defendants are employees of the Equal Employment Opportunity Commission.

Federal Rule of Civil Procedure 55(a) authorizes the entry of a default judgment against a party against whom a judgment for affirmative relief is sought when such party fails to plead or otherwise respond to the action.  "It is axiomatic that a defendant has no duty to answer a lawsuit until properly served; and consequently, a plaintiff is not entitled to obtain a default judgment until proper service is effectuated."  *RooR Int'l BV v. A1 Smoke Shop Inc.*, No. 4:18-CV-3828, 2019 WL 6330543, at *2 (S.D. Tex. Oct. 18, 2019), *report and recommendation adopted*, No. 4:18-CV-3828, 2019 WL 6330483 (S.D. Tex. Nov. 25, 2019) (citations omitted).

Jones has paid the filing fee for this action.  Litigants who appear *pro se* are responsible for serving a copy of the complaint and a summons to appear on each defendant, in accordance with the requirements of federal law.[2]  Among other things, federal law requires that service of process be accomplished within 90 days after the filing of the complaint.  *See* FED. R. CIV. P. 4(m).

In a case against an officer of the United States, a plaintiff must properly serve the United States in accordance with FED. R. CIV. P. 4(i)(1).  First, the Plaintiff must serve a copy of the summons and complaint to the United States Attorney for the district where the action is brought.  *See* FED. R. CIV. P. 4(i)(1)(A).  The plaintiff can personally deliver a copy of the summons and complaint to one of the designated agents for receiving service of process at the local United States Attorney's Office.[3]  *See* FED R. CIV. P. 4(i)(1)(A)(i).  Alternatively, the plaintiff can send a copy of

---

[2] While the undersigned provided an *Order and Advisory Regarding Service of Process* to Jones on April, 4, 2023, that *Advisory* did not include instructions for properly serving United States officers.  Doc. No. 4.

[3] The United States Attorney for the Eastern District of Texas has designated Sharon Beckum and Dyan Stanford to receive and accept civil summonses and complaints in the Lufkin Office. *See Designation of Personnel for Acceptance of Service of Process upon the U.S. Attorney in Civil Cases*, United States District Court for the Eastern District of Texas, https://txed.uscourts.gov/sites/default/files/HR_Docs/20230601T104425.pdf.

the summons and complaint by registered or certified mail to the civil process clerk at the United States Attorney's Office at the following address: Civil Process Clerk, United States Attorney's Office, 550 Fannin Street, Suite 1250, Beaumont, TX 77701. *See* FED. R. CIV. P. 4(i)(1)(A)(ii).

Second, the Plaintiff must serve a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at the following address: U.S. Attorney General, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530. *See* FED. R. CIV. P. 4(i)(1)(B).

Additionally, because Jones is suing United States officers in their official capacity, he must also comply with the requirements of FED. R. CIV. P. 4(i)(2). This rule requires the Plaintiff to "send a copy of the summons and of the complaint by registered or certified mail" to the United States officer being sued. *See* FED. R. CIV. P. 4(i)(2).

The record and *Motions for Default Judgment* do not indicate Jones has properly served these individual defendants.[4] Therefore, the *Motions for Default Judgment* (Doc. Nos. 33, 51-54) should be denied.

The undersigned grants Jones a thirty-day extension from the date of this Report and Recommendation to properly serve these defendants. Moreover, Jones' *Motion to Object Proof of Service Being Unexecuted on Defendants*, *Motion for Sanction on Defendants for Failure to Accept Waiver of Summons of Service and/or Summons in a Civil Action* and *Motion to Opposing Notice of Improper Service* (Doc. Nos. 29, 30, 42) are denied.

Finally, the Clerk is directed to issue summonses for the United States Attorney General, the United States and the United States Attorney's Office. *See* Doc. No. 40-1.

---

[4] *See also Notice of Improper Service* filed by the United States as *amicus curiae*. Doc. No. 40.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. See 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. LOCAL R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 19th day of October, 2023.

_____
Zack Hawthorn
United States Magistrate Judge