IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| WOODROW J. JONES, SR, § | |
| § | |
| *Plaintiff*, § | CIVIL ACTION NO. 9:23-CV-00059-MJT-ZJH |
| § | |
| v. § | |
| § | JUDGE MICHAEL TRUNCALE |
| GRAPELAND INDEPENDENT § | |
| SCHOOL DISTRICT, et. al, § | |
| § | |
| *Defendants*. § | |
| § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

On March 22, 2023, the Court referred this case to United States Magistrate Judge Zack Hawthorn for pretrial management. [Dkt. 1]. Pending before the Court are three motions to dismiss: (1) the school district defendants' *Motion to Dismiss* [Dkt. 34]; (2) Grapeland Independent School District's ("GISD") *Motion to Dismiss* [Dkt. 41]; and the Equal Employment Opportunity Commission and its employees' (collectively, "EEOC defendants") *Motion to Dismiss* [Dkt. 66]. On February 16, 2024, Judge Hawthorn issued his Report and Recommendation, which recommends granting all three Motions to Dismiss. [Dkt. 74]. On February 28, 2024, Plaintiff Woodrow J. Jones, Sr. ("Jones") filed his Objections to the Magistrate Judge's Report and Recommendation. [Dkt. 75]. On March 1, 2024, the EEOC defendants filed a Response to Plaintiff's Objections. [Dkt. 76]. On March 4, 2024, the school district defendants and GISD filed a Response to Plaintiff's Objections. [Dkt. 78].

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); FED. R. CIV. P. 72(b)(2)–(3). The

Court has conducted a *de novo* review of Judge Hawthorn's Report and Recommendation and has carefully considered Jones's objections. The Court finds that Judge Hawthorn's findings and conclusions of law are correct and that Jones's objections are without merit. Jones does not specifically object to any of Judge Hawthorn's findings or recommendations regarding whether he pleaded sufficient facts to plausibly allege any of the claims in his Second Amended Complaint. Rather, Jones raises only a vague, general assertion that his Second Amended Complaint contains sufficient facts to state a claim to relief that is plausible on its face. [Dkt. 75 at 4]. This is not a specific objection to a particular finding in Judge Hawthorn's Report and is accordingly overruled.

Additionally, Jones contends that he is entitled to a default judgment against the United States because the United States failed to timely answer or otherwise respond to Jones' Second Amended Complaint. [Dkt. 75 at 2–3, ¶ 2]. Specifically, Jones contends that he performed "due diligence" to perfect service on Andrea Parker, Assistant U.S. Attorney, and Merrick Garland, U.S. Attorney General. *Id.* at 5, ¶ 7. Jones raises the same arguments regarding service of the United States in his two pending Motions for Default Judgment. [Dkt. 63 and 70]. While Jones' arguments regarding a default judgment are irrelevant to Judge Hawthorn's findings on the merits of the Defendants' three Motions to Dismiss, the court will address the issue of default judgment here because Jones raised the issue in his Objections.

Jones is not entitled to a default judgment against the United States because he still has not shown that he has properly served the United States. *See* FED. R. CIV. P. 4(i)(1). Moreover, even if Jones properly served the United States, he is still not entitled to a default judgment because he has not shown a right to relief on the merits of any of his claims. Rule 55(d) of the FED R. CIV. P. provides that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the

court." Additionally, the Fifth Circuit Court of Appeals has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments." *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 496 (5th Cir. 2015). In his Report and Recommendation, Judge Hawthorn addressed the merits of Jones' claims and found that Jones failed to allege sufficient facts to suggest a reasonable possibility of recovery on any of his claims against the school district defendants, GISD, or the EEOC defendants. [Dkt. 74 at 2]. The Court agrees with Judge Hawthorn's findings. Furthermore, Jones has not specifically objected to any of Judge Hawthorn's findings regarding the merits of his claims. Therefore, Jones has failed to establish a right to relief on any of his claims and thus fails to meet the requirements of FED. R. CIV. P. 55(d). Accordingly, Jones is not entitled to a default judgment against the United States.

It is, therefore, ORDERED that Plaintiff Woodrow J. Jones, Sr.'s Objections to the Magistrate Judge's Report and Recommendation Granting Defendants' Motions to Dismiss [Dkt 75] are OVERRULED and Judge Hawthorn's Report and Recommendation Granting Defendants' Motions to Dismiss [Dkt. 34, 41, and 66] is ADOPTED. Accordingly, Defendants' Motions to Dismiss [Dkt. 34, 41, and 66] are GRANTED and Plaintiff Woodrow J. Jones, Sr.'s claims are DISMISSED WITH PREJUDICE.

It is further ORDERED that Plaintiff Woodrow J. Jones, Sr.'s Motions for Default Judgment [Dkt. 63 and 70] are DENIED. All other pending motions are DENIED AS MOOT.

The Court will enter a Final Judgment separately.

**SIGNED this 21st day of March, 2024.**

Michael J. Truncale
United States District Judge